# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Franklin Rasberry II, | Case No. 2:25-cv-00070-CDS-BNW |
| Plaintiff, | |
| v. | **SCREENING ORDER AND REPORT AND RECOMMENDATION** |
| U.S. Bank National Association, | |
| Defendant. | |

Pro se plaintiff Franklin Rasberry brings this action to request a mediation regarding the foreclosure of his property. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. ECF No. 1. Plaintiff's request to proceed *in forma pauperis* therefore will be granted. The court now screens his complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

## I.  ANALYSIS

### A.  Screening standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

1 In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the complaint**

Plaintiff alleges that Defendant initiated foreclosure proceedings by recording a notice of foreclosure on November 18, 2024. Plaintiff cites to NRS 107.086 and requests to participate in Nevada's Foreclosure Mediation Program. As explained in NRS 107.086(3), Plaintiff must petition the Nevada *State* District Court to hold the mediation—and not the United States District Court.

//
//
//
//
//
//
//
//
//
//
//
//
//

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS RECOMMENDED** that this case be dismissed with prejudice as the relief Plaintiff seeks can only be obtained in Nevada ***State*** District Court.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: January 13, 2025

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE